UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID EDMOND TRINE,

Petitioner,

v.

RICHARD IVES, Warden,

Respondent.

Case No. 3:18-cv-00020-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) failed to give him sufficient credit for time served in presentence custody. For the reasons explained below, the petition is denied.

BACKGROUND

On October 7, 2012, petitioner was arrested by Montana law enforcement officials and charged with operating a methamphetamine laboratory and also with violating parole in Case No. BDC-12-028. *See* Jennings Decl. ¶ 5 & Ex. A at 5-9. Two days later, petitioner was charged with violating supervised release in Case Number BDC-10-430. *Id.*

1   - OPINION AND ORDER

On October 17, 2012, petitioner also was charged with criminal mischief. The next day, he was sentenced to six months in jail with all but three days suspended. *Id.* ¶ 6. & Ex. A at 17.

On January 30, 2013, petitioner appeared in state court on his supervised release and parole violations. *See* Jennings Decl. ¶ 7 & Ex. B. Petitioner admitted two of the alleged violations and the state court revoked his suspended sentence and imposed a 3-year sentence for burglary in Case Number BDC-10-430, as well as a 5-year concurrent sentence for criminal endangerment in Case Number BDC-12-028. *Id.*

On July 30, 2013, petitioner was transferred from state to federal custody to face federal charges. *Id.* ¶ 8 & Ex. C at 2.

On January 22, 2014, petitioner was sentenced to a 124-month term of imprisonment for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846; his term was later reduced to 103 months. *Id.* ¶ 9 & Ex. D at 2, 7. The court ordered the federal sentence to run concurrently with any undischarged state sentence imposed in Case Numbers BDC-10-430 and BDC-12-028 and recommended that petitioner receive credit for time served. *Id.*

On February 13, 2014, petitioner was returned to the custody of Montana state authorities and the federal judgment was filed as a detainer. Jennings Decl. ¶10 & Ex. C at 3.

On March 10, 2014, BOP designated the Montana state facility as the place for petitioner to serve his federal sentence. *See id.* ¶ 10 & Ex. F at 1.

On October 16, 2014, Montana officials notified the U.S. Marshals Service that service of petitioner's state sentences would be complete on October 29, 2014. *Id.* ¶ 10 & Ex. B at 10. On that date, petitioner was transferred to BOP custody to complete the remainder of his federal sentence.

On January 3, 2018, after exhausting his administrative remedies, petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

DISCUSSION

Petitioner's federal sentence commenced on January 22, 2014 and the BOP began calculating his sentence as of that date. Petitioner maintains that he is entitled to credit for the days he spent in custody between January 30, 2013 and the date of his federal sentencing on January 22, 2014, because the district court recommended that petitioner be given credit for "time served." Pet. at 2 (ECF No. 1); Reply at 1 (ECF No. 11).[1] Petitioner is incorrect.

The governing statute provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

This statute makes clear that BOP has no discretion to give credit for time spent in presentence custody if that time has been credited toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (noting that § 3585(b) "authorizes credit only for time that 'has not been credited against another sentence'"); *see also Lopez v. Terrell*, 654 F.3d 176, 184-85 (2d Cir. 2011) (where "the defendant's presentence custody has already 'been credited against

---

[1] Petitioner also argues that BOP violated its own policy by denying the nunc pro tunc designation of a state institution for service of his federal sentence concurrent with the remainder of his state sentence. However, BOP provided such a designation and granted petitioner credit for the time served at the state facility between January 22, 2014 and October 29, 2014, when he completed his state sentence. Jennings Decl. ¶ 10 & Ex. E at 3.

3 - OPINION AND ORDER

another sentence' – namely, the defendant's state sentence – the agency is prohibited from crediting that time against his federal sentence").

Here, petitioner was in presentence custody from October 7, 2012 to January 22, 2014. BOP credited petitioner with 112 days between October 7, 2012 and January 29, 2013, because those days were not credited against petitioner's state sentences. *See* Jennings Decl. ¶¶ 10-11. However, BOP could not credit petitioner with the time served from January 30, 2013 to January 22, 2014, because that time was credited toward his state sentences. 18 U.S.C. § 3585(b). The fact that petitioner was temporarily transferred to federal custody to face federal charges does not allow that time to be credited against his federal sentence. A state inmate's transfer to federal custody to face federal charges does not affect the state's primary jurisdiction. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991); *see also United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005).

In sum, petitioner has been given proper credit for his time in presentence custody between October 7, 2012 and January 22, 2014. Under 18 U.S.C. § 3585(b), petitioner is not entitled to additional credit against his federal sentence.

## CONCLUSION

Petitioner's Motion Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and this case is DISMISSED.

DATED this 27 day of July, 2018.

Ann Aiken
United States District Judge